UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHY DETWEILLER, d/b/a
PARADISE ALLEY,

    Plaintiff,

v.                                       CASE NO.: 3:06-cv-744-J-32MCR

AXA RE AMERICA INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This Cause is before the Court on Defendant's Motion to Dismiss with Prejudice First Amended Complaint (Doc. 19) filed October 25, 2006. Plaintiff filed an opposition to the motion (Doc. 27) on November 20, 2006.

**I. Background**[1]

Plaintiff, owner of the Paradise Alley hotel and restaurant located in Jacksonville Beach, filed an Amended Complaint for bad faith under Florida Statute §624.155 alleging Defendant refused to provide coverage in a timely manner for damage to Paradise Alley caused by Hurricane Jeanne. (Doc. 16). Apparently, Hurricane Jeanne wreaked havoc on Paradise Alley in September 2004, at which time Plaintiff had a commercial property insurance policy (the "policy") through Defendant. Plaintiff notified Defendant of her loss and

---

[1] These facts are derived from Plaintiff's Complaint.

Defendant initially offered to pay Plaintiff $25,000.00 as the total amount of covered loss.  Plaintiff refused Defendant's offer and it was not until almost a year later, in or around August 2005, that Defendant paid Plaintiff $158,134.25.  In June 2006, almost another year after Defendant's first payment, Defendant paid Plaintiff a second and final payment of $60,999.57.  This final payment was accompanied by a letter from Defendant concluding that Defendant had fully compensated Plaintiff for all of her damages and that Defendant was closing the matter.  In sum, Defendant paid Plaintiff a total of $244,773.87$^2$ and did not determine Plaintiff's total damages until almost two years after Plaintiff filed its claim.

The Paradise Alley hotel and restaurant suffered extensive damage from Hurricane Jeanne; the hotel is no longer operating and Plaintiff contends the entire building will likely have to be torn down due to the rain and resulting mold. In her Amended Complaint, Plaintiff asserts a claim for bad faith because Defendant failed to adjust or otherwise settle her claim in a timely manner, which disabled Plaintiff from making timely repairs, thus causing moisture and other elements to permeate Paradise Alley.  (Doc. 16, p. 3).  Plaintiff alleges that had Defendant made a payment of $244,773.87, or even of the amount attributed to the building damages ($189,963.87) in a timely manner, Paradise Alley would not

---

   $^2$ Defendant attributed $189,063.87 to the damages owed on the building and $55,710.00 to the damages to Plaintiff's personal property.

have suffered any additional and consequential damages which "far exceed" the amount paid.  Id.

**II. Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the Plaintiff, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  A complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'"  Lopez v. First Union Nat'l Bank, 129 F.3d 1186, 1189 (11th Cir. 1997)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Generally, a court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside of the four corners of the complaint.  Fed. R. Civ. P. 12(b).  When, however, a document is central to the complaint and the document is not in dispute, the Court may properly consider such document without converting the motion into one for summary judgment.  Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  The parties dispute whether this Court may consider the documents attached to Defendant's motion to dismiss, i.e., the Civil Remedy Notice of Insurer Violation (Doc. 19, p. 14) and the letter from the Bureau of Consumer Assistance acknowledging the receipt of

the Civil Remedy Notice, Id. at 15, without converting this motion into one for summary judgment.  Because neither party disputes the authenticity of the documents and because the documents are a necessary part of determining whether Plaintiff satisfied all conditions precedent to this action pursuant to Section 624.155(3) Florida Statutes, the Court will consider the documents without converting the motion to dismiss to a summary judgment motion.

### III. Analysis

#### A. Determination of Coverage re: Underlying Claim

Defendant first seeks dismissal of Plaintiff's Amended Complaint because Plaintiff's bad faith claim is premature.  (Doc. 19, pp. 3-4).  To pursue a bad faith cause of action under §624.155, a plaintiff must demonstrate there has been a determination of coverage and damages.  Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991).  Defendant argues there has been no determination of contractual liability in favor of Plaintiff regarding the extent of covered damages under the policy.  (Doc. 19, p. 4).  Plaintiff, on the other hand, argues there was a determination of liability and damages when Defendant paid on Plaintiff's claim and when Defendant concluded it had fully compensated Plaintiff for her damages. (Doc. 27, p. 2).

This Court cannot find that it is "beyond doubt that [Plaintiff] can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley, 355 U.S. at 45-46.  While the Supreme Court of Florida has stated that a

determination of both the existence of liability on the part of the insurer and the extent of plaintiff's damages are a prerequisite to asserting a bad faith claim, Blanchard, 575 So. 2d at 1291, it has also clarified that a plaintiff does not need to allege a specific amount of damages to state a bad faith claim. Imhof v. Nat'l Mut. Ins. Co., 643 So. 2d 617, 618 (Fla. 1994) ("Neither Blanchard nor section 624.155(2)(b) requires the allegation of a *specific amount* of damages."), *receded from on other grounds,* State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, (Fla. 1995).

In its most recent decision addressing this issue, the Supreme Court of Florida quoted language from a decision by the Fourth District Court of Appeal which states that nothing in the Blanchard or Imhof decisions suggests that resolution of the insured's underlying claim has to be by trial or arbitration. Vest v. Travelers Ins. Co., 753 So.2d 1270, 1274 (Fla. 2000) (quoting Brookins v. Goodson, 640 So. 2d 110, 112-13 (Fla. 4th DCA 1994), *disapproved on other grounds*, Laforet, 658 So. 2d at 62). In fact, the payment of policy limits by an insurer has been held sufficient to show a final resolution of that claim, see Brookins, 640 So. 2d at 112; and at least one court has held that even when the total damages paid are less than the policy limits, a final determination of damages acts as a determination of the insured's damages and a final resolution of the claim sufficient to allow a bad faith claim to proceed. Plante v. USF & G Specialty Ins. Co., No. 03-23157CIVGOLD, 2004 WL 741382 *4 (S.D. Fla. 2004).

Because Defendant has paid Plaintiff on the policy, thereby acknowledging coverage, and has also made a final determination with respect to the amount of Plaintiff's damages, Plaintiff's allegations that coverage and damages have been determined are sufficient under Florida law to state a statutory bad faith claim.

**B.   Notice and Satisfaction under Section 624.155**

Next, Defendant argues Plaintiff's bad faith claim should be dismissed because Plaintiff failed to satisfy the conditions precedent required by the Florida bad faith statute.  Florida Statute §624.155 requires an insured to give sixty days written notice to both the Department of Insurance and the insurer before the insured may bring a bad faith action.  Fla. Stat. §624.155(3)(a).  The insurer then has sixty days to pay the insured its damages or to correct the circumstances giving rise to the violation of the statute.  Id. at (3)(d).  Defendant argues it paid all of Plaintiff's damages within the relevant sixty day window prescribed by Florida Statute §624.155.  (Doc. 19, p. 6).

Defendant cites Talat Enter, Inc. v. Aetna Cas. & Sur. Co., 753 So. 2d 1278, 1284 (Fla. 2000), for the proposition that once an insurer has paid the insured's underlying claim, the insured may not then proceed with a bad faith claim. (Doc. 19, p. 11).  Defendant is correct that Talat clearly shows that when an insurer has paid the amount owed on an underlying claim within the sixty day notice period, the insured may not pursue a bad faith claim.  Nevertheless, in this case, the damages owed on Plaintiff's underlying claim are in dispute.  In her Civil

Remedy Notice, Plaintiff seeks the policy limits for her underlying claim. (Doc. 19, p. 14). Neither party disputes that Defendant has not paid Plaintiff the policy limits.[3] Thus, Defendant has failed to persuade this Court that Plaintiff cannot state a claim for relief under the bad faith statute.[4]

It is **ORDERED**:

1. Defendant's Motion to Dismiss with Prejudice First Amended Complaint (Doc. 19) is **DENIED**.

2. Defendant should serve its answer to the First Amended Complaint no later than **January 10, 2007**.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of December 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

Copies to:

Counsel of Record

---

[3] The Court recognizes that Florida case law is unsettled with respect to what constitutes a determination of liability and damages and compliance with the notice provision to the bad faith statute.

[4] Although the Court finds Defendant's motion to dismiss is due to be denied, the law regarding the prerequisites to asserting a bad faith claim is unclear. Therefore, it is possible that the parties will need to further address these same issues at a later date on a more complete record. It is also not entirely clear to the Court why Plaintiff, before asserting her statutory bad faith claim, did not first pursue a breach of contract claim seeking the policy limits.